IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PAMELA SOTO,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>KIRSTJEN M. NIELSEN, Secretary,<br>Department of Homeland Security,<br>Transportation Security<br>Administration,<br><br>　　　　　　Defendant. | CV 19-13-M-DLC-JCL<br><br><br>ORDER |

**I.**　**Introduction**

Plaintiff Pamela Soto, proceeding pro se, filed an application requesting leave to proceed in forma pauperis. Soto submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Soto's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Soto's lodged complaint as of the filing date of her request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Soto's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  Background

Soto worked for the Transportation Security Administration at the Missoula International Airport for 14 years prior to July 2016. At some point prior to July 2016 Soto was "diagnosed [with an] age[-]related vision disability[.]" (Doc. 2 at 9 of 13.) Apparently as a result of her vision problem, Soto did not pass the "IMA" test after taking it three times. Soto references a Transportation Security Administration policy which provides that if an employee fails an assessment test

three times, the employee is subject to removal. And the Administration is not permitted to retain the employee for any reason. Thus, on June 6, 2016, Soto received a notice informing her she would be removed from her job.

Soto visited two doctors each of whom diagnosed her with an age-related vision problem, but that corrective lenses would resolve the problem. Consequently, Soto requested the Transportation Security Administration afford her an opportunity to retake the "IMA" test with corrective lenses. But on July 12, 2016, Federal Security Director Kurt Carlson terminated Soto's employment, without allowing Soto to retake the test using corrective lenses. Thus, Soto complains her employer improperly refused to accept her reasonable request for accommodation for her age-related vision problem.

Soto commenced this action asserting the Transportation Security Administration is liable for age and disability discrimination. (Doc. 2 at 6 of 13.) But Soto's pleading does not expressly identify any particular federal law on which her claim of discrimination is advanced. Soto requests compensation for damages she has sustained as a result of the loss of her job.

## III. Discussion

Because Soto is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also*

*Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Soto's claims potentially invoke provisions of at least three separate federal laws. In general, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, is intended "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Robles v. Domino's Pizza, LLC*, ___ F.3d ___, 2019 WL 190134, *3 (9th Cir. 2019) (citation and quotation omitted). But although Title I of the Act prohibits disability discrimination in employment, the Act does not apply to federal government employers because the statutory definition of "employer" excludes from its scope the United States. 42 U.S.C. § 12111(5)(B)(i); *Zimmerman v. State of Oregon Department of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999); and *Bolden v. Ashcroft*, 515 F. Supp. 2d 127, 137 (D.D.C. 2007). Therefore, Soto's allegations do not state a viable claim under the Americans with Disabilities Act.

Title VII of the Civil Rights Act of 1964, as amended in 1972, prohibits discrimination against federal employees in federal employment. 42 U.S.C. §

2000e-16; *Brown v. General Services Administration*, 425 U.S. 820, 825 (1976). Title VII, however, only prohibits discrimination based on race, color, religion, sex, or national origin, but not age or disability. 42 U.S.C. § 2000e-16(a). Therefore, a federal employee's claim alleging discrimination under the Civil Rights Act, and Title VII specifically, based only upon age or disability is subject to dismissal. *Walker v. United States Department of Commerce*, 2012 WL 1424495, *6 (E.D. Cal. 2012) (dismissing age discrimination claim) (citing *Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1057-58 n.5 (9th Cir. 2009)); *Richardson v. Yellen*, 167 F. Supp. 3d. 105, 110 (D.D.C. 2016) (dismissing disability discrimination claim under the Civil Rights Act). Thus, Soto's age and disability discrimination claims are not viable under the Civil Rights Act or Title VII.

Instead, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, provides the exclusive remedy for age discrimination claims advanced by federal employees. *Ahlmeyer*, 555 F.3d at 1057 n.5. The ADEA makes it unlawful for an employer to "discharge any individual[…] because of such individual's age[.]" 29 U.S.C. § 623(a)(1). To sustain a viable ADEA claim a plaintiff must present factual allegations establish he or she was "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications

or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (9th Cir. 2008).

And with respect to Soto's claim of disability discrimination, the claim could be viable as against a federal employer under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* The Rehabilitation Act at 29 U.S.C. § 791 provides the exclusive remedy for a federal employee's claim of employment discrimination based upon a disability. *Boyd v. United States Postal Service*, 752 F.2d 410, 413 (9th Cir. 1995); *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989) overruled on other grounds as recognized by *Williams-Scaife v. Department of Defense Dependent* Schools, 925 F.2d 346, 348 n.4 (9th Cir. 1991).

To state a claim under the Rehabilitation Act, the employee must allege that "(1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. United States Marshals Service*, 492 F.3d 998, 1005 (9th Cir. 2007), superseded on other grounds by statute as noted in *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 434 (9th Cir. 2018).

Based on the foregoing, Soto's claims could be cognizable under the ADEA and the Rehabilitation Act. But the Court finds Soto's allegations do not satisfy one of the prima facie elements of each claim. Specifically, Soto's allegations do

not assert she was otherwise performing her job satisfactorily as required for her ADEA claim, and she does not assert she was otherwise qualified to maintain her employment as required for her Rehabilitation Act claim. In view of her status as a pro se litigant, the Court will afford Soto an opportunity to amend her pleading to affirmatively assert all prima facie elements of both claims, and to affirmatively allege that other reasons for her termination did not exist.

## IV. Conclusion

Based on the foregoing, the Court finds Soto's complaint, as presently pled, is subject to dismissal for failure to state a claim on which relief could be granted. But the Court will afford her an opportunity to file an amended pleading that affirmatively pleads all of the prima facie elements of her claims under the ADEA and the Rehabilitation Act.

Therefore, IT IS ORDERED that on or before **February 25, 2019,** Soto shall file an amended complaint. The Clerk of Court is directed to provide with a standard form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Soto's amended complaint shall set forth a short and plain statement of her claims showing that she is entitled to relief.

At all times during the pendency of this action, Soto shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE

OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Soto is also advised that her failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 29th day of January, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge