IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PAMELA SOTO,<br><br>                Plaintiff,<br><br>   vs.<br><br>KEVIN MCALEENAN, Acting Secretary, Department of Homeland Security, Transportation Security Administration,<br><br>                Defendant. | CV 19-13-M-DLC-JCL<br><br>FINDINGS AND RECOMMEDNATION |

Before the Court is Defendant Kevin McAleenan's Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motion to dismiss. For the reasons discussed, the Court recommends the Rule 12(b)(1) motion be granted.

**I.**  **Background**

Plaintiff Pamela Soto is appearing pro se in this action. And by Order entered January 29, 2019, the Court granted her leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

Soto worked for the Transportation Security Administration ("TSA") for 14 years prior to July 2016. Most recently she worked at the Missoula International Airport.

1

But Soto experienced an age-related vision problem and, as a result, she did not pass a certification test required for her employment. Thus, on June 6, 2016, Soto received a notice from TSA informing her she would be terminated.

Soto alleges she requested the TSA to afford her an opportunity to retake the test with corrective lenses. She states her request was not honored, and on July 12, 2016, Federal Security Director Kurt Carlson terminated Soto's employment.

Soto complains the TSA unlawfully discriminated against her based upon her age and vision disability, and improperly refused to accept her reasonable request for accommodation of her disability, all in violation of federal law.

## II. Applicable Law

### A. Motion to Dismiss for Lack of Jurisdiction

Defendant's motion to dismiss is filed under Fed. R. Civ. P. 12(b)(1) which is the proper procedural rule for challenging the existence of a court's jurisdiction. A defendant may pursue a Rule 12(b)(1) motion either as a facial challenge to the jurisdictional allegations of a pleading, or as a substantive challenge to the facts underlying those allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge is one which contends the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Therefore, in addressing a facial challenge the court must assume the allegations in the complaint are true, and it "must draw all reasonable inferences in [plaintiff's] favor." *Id. See also Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

### B. Motion to Dismiss for Failure to State a Claim for Relief

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### **C. Pro Se Pleadings**

Because Soto is proceeding pro se the Court must construe her pleading liberally, and "however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### **III.   Discussion**

Because Soto is proceeding in forma pauperis under 28 U.S.C. § 1915, the Court conducted a preliminary screening of her allegations as required by 28 U.S.C. § 1915(e)(2). After liberally construing her allegations, the Court concluded her claims may fall under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

Defendant McAleenan moves to dismiss Soto's claims as preempted by the Aviation and Transportation Security Act of 2001. For the reasons discussed, the Court agrees Soto's claims are preempted.

As noted, the Court must accept as true Soto's allegations in her complaint. The core facts are as follows:

At the time Soto's employment was terminated in July, 2016, she was 60 years old and was a TSA security screening officer. Her employment required her to pass recertification tests annually. (Doc. 5 at 11 of 15.) But Soto failed to "pass a required computer[-]generated annual imaging test" after taking the test 3 times. (Doc. 5 at 9, 11 of 15.) She complains there existed problems with the image testing procedures, and that the image resolution on the practice test simulator was not the same as the resolution on the official test. Nonetheless, because Soto failed the test, she complains the TSA terminated her from her employment based on "her age[-]related vision impairment [that] she corrected immediately upon discovery with corrective lens." (Doc. 5 at 9 of 15.) She asserts she informed the TSA of her need for corrective lenses, and she requested an opportunity to "retake the test with her corrective lens." (Doc. 5 at 10 of 15.) Despite her request, the TSA terminated her employment.

Although Soto seeks to advance her allegations and claims under the Rehabilitation Act and the Age Discrimination in Employment Act, her allegations are instead controlled by the Aviation and Transportation Security Act of 2001 ("ATSA"). The ATSA, in part, establishes the exclusive qualification standards for airport security screeners, and gives the TSA the exclusive authority to make

5

employment decisions regarding security screeners based on the following provisions:

> *[N]otwithstanding any other provision of law*, the Under Secretary of Transportation for Security [now the Administrator of the Transportation Security Administration] may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the Under Secretary determines to be necessary to carry out the screening functions of the Under Secretary under section 44901 of title 49, United States Code.

49 U.S.C. § 44935 (emphasis added); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) (noting that the provision is codified as a note to 49 U.S.C. § 44935(f)). The ATSA also requires, inter alia, that:

> (1) Screener requirements. – *Notwithstanding any other provision of law*, an individual *may not be deployed as a security screener unless* that individual meets the following requirements:
>
> […]
>
>> (B) The individual shall possess basic aptitudes and physical abilities, including color perception, *visual and aural acuity*, physical coordination, and motor skills, to the following standards:
>>
>>> (i) Screeners operating screening equipment shall be able to distinguish on the screening equipment monitor the appropriate imaging standard specified by the Administrator.
>>>
>>> (ii) Screeners operating any screening equipment shall be able to distinguish each color displayed on every type of screening equipment and explain what each color signifies.

49 U.S.C. § 44935(f)(1)(B) (emphasis added). Finally, the ATSA requires an "annual evaluation of each individual assigned screening duties", prohibits a

6

security screener to continue performing screening functions after failing "an operational test", and prohibits a security screener to continue to be employed in that position if the person does not continue to meet the applicable "qualifications and standards required to perform a screening function." 49 U.S.C. § 44935(f)(4) and (f)(5).

The "notwithstanding" clauses in the ATSA carry a substantive meaning. The federal courts interpret the clause as preempting other provisions of law.

> As we have noted previously in construing statutes, the use of such a "notwithstanding" clause clearly signals the drafter's intention that the provisions of the "notwithstanding" section override conflicting provisions of any other section. […]   Likewise, the Courts of Appeals generally have "interpreted similar 'notwithstanding' language ... to supersede all other laws, stating that ' "[a] clearer statement is difficult to imagine." ' "

*Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993) (citation omitted). Consequently, the courts interpret the "notwithstanding" clause in the ATSA as establishing that the ATSA supersedes "conflicting provisions of any other statute" because Congress "intended to enhance the [Under Secretary of Transportation's] flexibility in hiring security screeners to allow selection without regard to the prohibitions against disability discrimination in the Rehabilitation Act." *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) *cert. denied* 565 U.S. 898 (2011). Therefore, the ATSA "preempts the application of the Rehabilitation Act to security screening positions[,]" and subjects claims under the Rehabilitation Act to dismissal. *Id.*

Although it appears that the Ninth Circuit has not addressed the preemptive effect of the "notwithstanding" clauses in the ATSA, the other circuit courts that have considered the issue have concluded the ATSA preempts the Rehabilitation Act. *Joren*, 633 F.3d at 1146. The clause "precludes security screeners from bringing suit under" other federal employment statutes. *Field v. Napolitano*, 663 F.3d 505, 512 (1st Cir. 2011). *See also Castro v. Secretary of Homeland Security*, 472 F.3d 1334, 1337-38 (11th Cir. 2006) (concluding that the ATSA exempts the TSA from compliance with the Rehabilitation Act and precludes a plaintiff from bringing a claim under the Rehabilitation Act).

And the preemptive effect of the ATSA is not limited to the Rehabilitation Act. The ATSA "grants the TSA extremely broad authority over personnel matters[,]" including hiring and firing decisions, and the "TSA['s] discretion over screening personnel employment matters is sweeping in its breadth." *Connors v. United States*, 863 F.3d 158, 161 (2nd Cir. 2017). Thus, the ATSA precludes judicial review of employment decisions and subjects a complaint to dismissal for lack of subject matter jurisdiction. *Id*. at 162. The federal courts have uniformly agreed that the "ATSA preempts claims by security screeners against the TSA which are brought pursuant to other federal laws[.]" *Botelho v. Transportation Security Administration*, 2018 WL 6801809, *5 (D. Hawaii 2018). The provisions of the ATSA "evidence a clear intent to free TSA from the costs and burdens of

8

litigation in federal court over such decisions." *Field v. Napolitano*, 663 F.3d 505, 512 (1st Cir. 2011).

Based upon the foregoing, the prevailing decisional law has established that the ATSA exempts the TSA from compliance with other federal employment laws with respect to its employment of security screeners. Therefore, the Court concludes the ATSA preempts Soto's claims under the Rehabilitation Act and the Age Discrimination in Employment Act. This action is subject to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Despite the clearly established law under the ATSA, Soto contends the ATSA does not preempt her claims. She cites to a 2019 decision issued by the United States Equal Employment Opportunity Commission ("EEOC") suggesting the Rehabilitation Act applies to the TSA. (Doc. 13-1.) And she argues the TSA incorporates the Rehabilitation Act and its reasonable accommodation requirements into the "TSA Handbook". (Doc. 13-2.) But decisions of the EEOC do not establish law that controls the federal courts. *See Field v. Napolitano*, 663 F.3d 505, 513 (1st Cir. 2011). And the provisions of the "TSA Handbook" do not modify the statutory provisions of the ATSA and the decisional law interpreting the ATSA. *Id.* at 513-14 (concluding the TSA's adoption of some reasonable accommodations does not modify the ATSA). Soto's arguments do not render the ATSA inapplicable in this case.

The balance of Soto's response brief addresses the merits of her claims under the Rehabilitation Act and the Age Discrimination in Employment, and Soto argues her pleading should survive dismissal under Fed. R. Civ. P. 12(b)(6).[1] But due to the preemptive effect of the ATSA, the Court will not address those merits.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss be GRANTED, and this action be DISMISSED for lack of subject matter jurisdiction.

DATED this 26th day of July, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Soto submitted numerous exhibits attached to her brief in response to Defendant's motion to dismiss. But in addressing a Rule 12(b)(6) motion to dismiss the Court may not consider facts beyond those pled in the complaint, and the Court may not consider new facts, exhibits, or arguments presented in a response brief. *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).